**Kenneth Andrew FRIEDMAN,
Plaintiff–Appellant,**

v.

**Carroll SOUTH; Henry Risley, Warden;
Lee Baker; Bob Williams,
Defendants–Appellees.**

No. 95–36126.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 1996 *.

Decided Aug. 20, 1996.

Kenneth Andrew Friedman, Federal Correctional Institution Phoenix, Phoenix, Arizona, for plaintiff-appellant.

David L. Ohler, Lois H. Adams, Department of Corrections & Human Services, Helena, Montana, for defendants-appellees.

Appeal from the United States District Court for the District of Montana, Charles C. Lovell, District Judge, Presiding. D.C. No. CV-85-00019-CCL.

Before: CANBY, JOHN T. NOONAN, Jr. and LEAVY, Circuit Judges.

Kenneth Friedman appeals the district court's dismissal of his action under 42 U.S.C. § 1983 alleging that Montana prison officials denied him kosher food in 1984 and 1985 in violation of his right to practice his religion. We affirm the district court because the principal ground for his appeal is that the magistrate judge had failed to apply the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb. This act became effective November 16, 1993, but specified that "it applies to all Federal and State law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993." *Id.* § 2000bb-3(a). The statutory protection created by this new law was a significant clarification and expansion of the right to the free exercise of religion secured by the First Amendment. *See United States v. Bauer*, 75 F.3d 1366, 1375 (9th Cir.1996), *as amended* 84 F.3d 1549 (9th Cir.1996). Despite the popular name of the statute as a "restoration" and despite the explicit provision as to the statute's applicability to pre-November 16, 1993 law, it cannot be denied that the state of the law as to Friedman's claim of a kosher diet in a prison was far from clear in 1984 and 1985. Cf. *Malik v. Brown*, 71 F.3d 724, 729, n. 4 (9th Cir.1995). The statute cannot be applied retroactively to make the law clear in such a way as to create liability for the prison officials, who are entitled to qualified immunity because the law was not clear in 1985. In that year a reasonable official would not have understood that he was violating a free exercise right by denying Friedman a kosher diet. Accordingly, the defendants are entitled to qualified immuni-

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P.  34(a); 9th Cir. R. 34–4.

ty. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987).